**The STATE of Texas, Appellant,**

**v.**

**Charles Monroe KINDRED, Appellee.**

**Nos. 13–89–104–CR to 13–89–106–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellant.

John F. Dietze, Cuero, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

The State appeals from an order granting appellee's "MOTION TO QUASH ENHANCEMENT COUNTS." The State thrice indicted appellee, Charles Monroe

Kindred, in cause nos. 88–5–7757, 89–1–7841, and 88–9–7797 for the same felony offense of driving while intoxicated. Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(e) (Vernon Supp.1989). The indictments allege that prior to the primary offense date of May 6, 1988, appellee was twice convicted of driving while intoxicated. The trial court's order struck these prior convictions.

By its sole point of error, the State complains that the trial court erred in granting appellee's motion to quash the enhancement allegations on grounds that the alleged prior convictions were void and not final convictions. We affirm the trial court's judgment.

On May 13, 1988, the State indicted appellee in cause no. 88–5–7757 for the felony offense of driving while intoxicated. The State alleges that appellee operated a motor vehicle in a public place while intoxicated on or about May 6, 1988. Additionally, the indictment alleges, (for enhancement purposes), two previous driving while intoxicated convictions. The first enhancement paragraph states, in relevant part, that "on the 24th day of April, A.D. 1986, ... in Cause No. 4759, the said Charles Monroe Kindred was convicted of the offense of driving ... while intoxicated, a misdemeanor; and said conviction *became final*, and was a conviction for an offense that was committed prior to the commission of the offense hereinbefore alleged in the first paragraph hereof." (emphasis ours). The second enhancement paragraph states, in relevant part, that "on the 16th day of January, A.D. 1986, ... in Cause No. 4681, the said Charles Monroe Kindred was convicted of the offense of driving ... while intoxicated, a misdemeanor; and said conviction *became final*, and was a conviction for an offense that was committed prior to the commission of each of the aforesaid offenses." (emphasis ours).

The State's brief indicates that after filing this indictment, it discovered an error in both instruments pertaining to the enhancement paragraphs. Both instruments in cause nos. 4681 and 4759 state, in relevant part, that "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the finding of guilty herein *shall not be final, that no judgment be rendered thereon,* and that Defendant be, and is hereby placed on probation in the cause...." (emphasis ours). The State indicates that the trial court granted its motions for judgments nunc pro tunc, correcting the instruments pertaining to cause nos. 4759 and 4681. However, the appellate record does not contain either the motions for judgments nunc pro tunc or the orders allegedly granting the motions for judgments nunc pro tunc.

On September 9, 1988, the State reindicted appellee in cause no. 88–9–7797 for the same offense alleged in cause no. 88–5–7757. On December 14, 1988, appellee filed a "MOTION TO QUASH ENHANCEMENT COUNTS." This motion requests the trial court to strike the enhancement allegations in cause no. 88–9–7797. The motion alleges that both prior convictions alleged in the enhancement paragraphs were not "final" convictions at the time the alleged primary offense occurred on May 6, 1988.

On January 13, 1989, the State once again reindicted appellee in cause no. 89–1–7841 for the same offense alleged in cause nos. 88–9–7797 and 88–5–7757. In this indictment, both the primary offense and the enhancement paragraphs state, in relevant part, that appellee "has previously been convicted two or more times for the offense of driving ... while intoxicated, to wit: [1] in Cause No. 4759 ... on the 24th day of April 1986, and [2] in Cause No. 4681 ... on the 16th day of January, 1986." On January 24, 1989, the trial court entertained appellee's motion to quash and consolidated the three indictments. After hearing argument, the trial judge signed an order under cause nos. 88–5–7757, 89–1–7841, and 88–9–7797, striking the enhancement allegations referring to cause nos. 4759 and 4681.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(e) (Vernon Supp.1989) provides that if a person is convicted of being an intoxicated driver, and has twice previously been convicted of this offense, his punishment shall be (1) a fine and (2) confinement in jail or in

**768**

the penitentiary for not less than sixty days or more than five years. *Vasquez v. State,* 756 S.W.2d 830, 831 (Tex.App.—Corpus Christi 1988, no pet.). Thus, two prior convictions for driving while intoxicated are essential elements of the felony offense of driving while intoxicated. *See also Hogue v. State,* 752 S.W.2d 585, 588 (Tex.App.—Tyler 1987, pet. ref'd).

Tex.Code Crim.Proc.Ann. art. 42.01, § 1(8) (Vernon Supp.1989) provides that a judgment should reflect that "[i]n the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court,...." In the instant case, the instruments in cause nos. 4759 and 4681 do not contain an adjudication of guilt as required by article 42.01, § 1(8). The pertinent language in these instruments is akin to the language found to be defective in the purported judgment in *Savant v. State,* 535 S.W.2d 190, 191–92 (Tex.Crim.App.1976). In *Savant,* a jury found the accused guilty of a felony offense, assessed punishment at five years, and recommended probation. The purported judgment contained the following language:

> It is therefore CONSIDERED, ORDERED and ADJUDGED that the verdict and finding of guilty herein shall not be final, that no Judgment be rendered thereon, ...

The Court of Criminal Appeals held that an adjudication of guilt is required by article 42.01 and without an adjudication, the instrument was not a judgment. *See also McFarland v. State,* 727 S.W.2d 43, 44–45 (Tex.App.—San Antonio 1987, no pet.).

According to the *Savant* holding, the instruments pertaining to the enhancement allegations in the instant case do not contain adjudications of guilt, and therefore, are not judgments. As such, the State has failed to allege that appellee, prior to the primary offense date of May 6, 1988, was twice convicted for driving while intoxicated. This being the case, the State cannot charge appellee with the felony offense of driving while intoxicated. *See Hogue,* 752 S.W.2d at 588; Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(e) (Vernon Supp.1989).

The error in these instruments appears to have resulted from the convicting trial court's reliance on Tex.Code Crim.Proc. Ann. art. 42.13, § 4, repealed in 1979. Article 42.13, § 4 provided that when an accused is granted probation, the finding of guilty does not become final, nor may the court render judgment thereon. *See McIntosh v. State,* 534 S.W.2d 143, 145 fn. 4 (Tex.Crim.App.1976). Tex.Code Crim.Proc. Ann. art. 42.12, § 3d(d) (Vernon Supp.1989), effective January 1, 1984, provides that a person convicted of driving while intoxicated can no longer receive deferred adjudication. *See Trcka v. State,* 744 S.W.2d 677, 679 fn. 2 (Tex.App.—Austin 1988, pet. ref'd). Moreover, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(h) (Vernon Supp.1989) provides that a conviction for the offense of driving while intoxicated "that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated."

The State argues that the instruments pertaining to the enhancement allegations were corrected during a nunc pro tunc proceeding to show that appellee was twice convicted of driving while intoxicated prior to the primary offense date of May 6, 1988. As we have stated heretofore, the appellate record contains neither the motions for judgments nunc pro tunc nor the order allegedly granting the motions for judgments nunc pro tunc. It is the appellant's burden to see that a sufficient record is presented on appeal to show error requiring reversal. Tex.R.App.P. 50(d). The documents before this Court do not show the validity of any driving while intoxicated convictions prior to the primary offense date of May 6, 1988. The State had the burden to make a prima facie showing of the validity of the prior convictions and did not meet this burden. *See McGinnis v. State,* 746 S.W.2d 479, 482 (Tex.Crim.App. 1988). As such, the State has not shown that the trial court erred in striking the enhancement penalty allegations. The point of error is overruled.

The judgment of the trial court is AFFIRMED.