**Jose RIZO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–132–CR.**

Court of Appeals of Texas, Eastland.

Feb. 5, 1998.

John Milton Cook, Christian Souza, Law Office of John Cook, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

1. TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp.1998) defines the offense.

2. TEX. PENAL CODE ANN. § 49.09(a) (Vernon Supp.1998) provides that, if a person is convicted of an offense under Section 49.04 and if it is

## OPINION

ARNOT, Chief Justice.

The issue on appeal is whether a 1992 conviction for driving while intoxicated, where the imposition of the sentence was suspended and the defendant was placed on community supervision, is a "final" conviction for purposes of enhancement under TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 1998) in the trial of a subsequent driving while intoxicated offense. We hold that it is under the special enhancement provisions for operating while intoxicated offenses.

The jury convicted appellant of driving while intoxicated as a second offense.[1] The trial court assessed appellant's punishment at confinement for 365 days in the Dallas County Jail and a $1,000 fine.[2] The trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for 24 months. We affirm.

In his sole point of error, appellant challenges the trial court's finding that the enhancement allegation of a prior driving while intoxicated conviction was true. Appellant contends that the evidence was insufficient to establish a "final" driving while intoxicated conviction and that the evidence only established that appellant had been placed on community supervision for driving while intoxicated.

The indictment alleged that, prior to the commission of the primary offense on April 21, 1996, appellant was convicted of an offense relating to driving while intoxicated on March 30, 1992, in County Criminal Court No. 4 of Dallas County, Texas, Cause No. MB9242119E. The State introduced into evidence appellant's stipulation that he was "the same Jose Rizo that was placed on probation for D.W.I. on March 30, 1992 in the County Criminal Court # 4 in Cause No. MB9242119E" and that State's Exhibit No. 3 was true and correct. State's Exhibit No. 3 contained the information, affidavit, criminal

shown that the person has previously been convicted of an offense relating to the operating of a motor vehicle while intoxicated, the offense is a Class A misdemeanor with a minimum term of confinement for 30 days.

docket sheet, and order granting probation in Cause No. MB9242119–E. The docket sheet reflects that appellant entered a plea of guilty, that he was convicted by the trial court of driving while intoxicated, that his punishment was assessed at confinement in the county jail for 90 days and a $350 fine, and that the jail term was probated for 24 months. The order granting probation stated that appellant was adjudged guilty but that the verdict of guilty "shall not be final, that no judgment be rendered thereon" and that appellant be placed on probation for two years.

Appellant relies on the cases of *Mosqueda v. State*, 936 S.W.2d 714 (Tex.App.—Fort Worth 1996, no pet'n), and *State v. Kindred*, 773 S.W.2d 766 (Tex.App.—Corpus Christi 1989, no pet'n). *Kindred* is factually distinguishable from the present case. In *Kindred,* the defendant's guilt had not been adjudicated. *State v. Kindred, supra* at 768. In the present case, appellant's guilt was adjudicated; however, the imposition of his sentence was suspended. The court in *Mosqueda* relied on *Kindred* in its holding that evidence of a prior driving while intoxicated conviction in which the imposition of the sentence was suspended was legally insufficient to establish a prior driving while intoxicated conviction for enhancement purposes at the trial of a subsequent driving while intoxicated offense. We respectfully decline to follow the holding in *Mosqueda.*

Section 49.09, the special enhancement statute for operating while intoxicated offenses, provides the penalties where the defendant "has previously been convicted" of an offense "relating to the operating of a motor vehicle while intoxicated." Section 49.09(c)(1)(C) defines an "[o]ffense relating to the operating of a motor vehicle while intoxicated" to mean "an offense under Article 6701*l*–1, Revised Statutes, as that law existed before September 1, 1994." TEX.REV.CIV. STAT. art. 6701*l*–1(h) (1991), the applicable statute at the time of the 1992 conviction, provided:

For the purposes of the article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated.

Effective September 1, 1994, Article 6701*l*–1 was repealed, and operating while intoxicated offenses were defined by TEX. PENAL CODE ANN. § 49.04 et seq. (Vernon 1994 & Supp.1998). Section 49.09(d) provides that:

For the purposes of this section, a conviction for an offense under Section 49.04, 49.05, 49.06, 49.07, or 49.08 that occurs on or after September 1, 1994, is a final conviction, whether the sentence for the conviction is imposed or probated.

Both the former and present statutes provide that a prior conviction is "final" for enhancement purposes whether or not the sentence has been imposed. The clear intent of these provisions is to provide that, when guilt has been adjudicated, the conviction is a "final" conviction for special enhancement purposes under the operating while intoxicated statutes, regardless of whether the sentence was imposed or suspended. The evidence established that appellant's guilt was adjudicated on March 30, 1992, for the offense of driving while intoxicated. This is evidence of a "final" prior conviction. The evidence is legally sufficient to support the trial court's finding that the enhancement allegation was true. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996); *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991). The point of error is overruled.

The judgment of the trial court is affirmed.