James Alan WILLIAMSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–98–00968–CR.

Court of Appeals of Texas, Dallas.

May 15, 2001.

---

Robert Cady, Dallas, for Appellant.

Manual E. Gonzalez, Asst. Crim. Dist. Atty., McKinney, for State.

Before Chief Justice THOMAS and Justices WHITTINGTON and CAMPBELL .[1]

## OPINION

Opinion By Justice CAMPBELL.

Appellant James Alan Williamson waived a jury and entered a negotiated no contest plea to the offense of felony driving while intoxicated (DWI). In accordance with the plea agreement, the trial court assessed punishment at ten years confinement, probated for ten years, and a $1000 fine. In three points of error, appellant complains the trial court erroneously overruled his motion to quash the indictment, the evidence was legally insufficient to support a conviction for felony DWI, and the punishment assessed by the trial court illegally exceeded that allowed by law. We affirm.

## BACKGROUND

Appellant was charged with DWI on December 16, 1996. The indictment alleged two prior misdemeanor DWI convictions for purposes of elevating the new offense to a felony. The two prior convictions alleged were cause numbers 87–20348–C and 87–19856–C, convictions on April 25, 1988 in the Dallas County Criminal Court No. 3. Appellant filed a pretrial motion to quash the "enhancement" paragraphs, asserting they did not show final judgments of conviction. The trial court denied the motion to quash. Appellant thereafter entered the negotiated no contest plea. He stipulated to the facts of the new DWI offense and the fact of the two

1. The Honorable Charles F. Campbell, Justice, Retired, Texas Court of Criminal Appeals, sitting by assignment.

prior misdemeanor DWI convictions. He specifically did not stipulate that the prior convictions were final. The trial court found appellant guilty and assessed the agreed-upon punishment. This appeal followed.

## ANALYSIS

■ Because the punishment assessed in this case did not exceed that recommended by the State and agreed to by appellant, his notice of appeal had to comply with the requirements of rule 25.2(b)(3). *See* TEX.R.APP. P. 25.2(b)(3). In this case, appellant's notice of appeal states he is appealing a matter that was raised by written motion and ruled on before trial. That gives us jurisdiction to address his complaint regarding the trial court's ruling on the motion to quash. It does not, however, give us jurisdiction to address his complaints regarding the sufficiency of the evidence and the punishment assessed.[2] *See Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994). Accordingly, we dismiss appellant's second and third points of error.

■ In appellant's first point of error, he claims the trial court erred in not quashing the paragraphs alleging the prior convictions because the State failed to prove the convictions were *final*. We review the trial court's ruling on a motion to quash under an abuse of discretion standard. *See State v. York*, 31 S.W.3d 798, 801 (Tex.App.—Dallas 2000, pet. ref'd).

■ The essence of appellant's complaint is that the evidence showed the judgments in each of the prior misdemean-

or cases contained language rendering them nonfinal. The language in question is as follows: "[I]t is THEREFORE CONSIDERED, ORDERED AND ADJUDGED, [t]hat the verdict and finding of guilty herein shall not be final, that no judgment be rendered thereon...." Appellant contends that because these convictions were not final, they could not be used to elevate the usual misdemeanor crime of DWI to a felony under section 49.09(b) of the penal code.

To support his claim, appellant relies on *State v. Kindred*, 773 S.W.2d 766, 768 (Tex.App.—Corpus Christi 1989, no pet.), which in turn relied on *Savant v. State*, 535 S.W.2d 190 (Tex.Crim.App.1976). In relying on *Savant*, the Corpus Christi court in *Kindred* found that a nearly identical order to the ones in this case did not comply with article 42.01, section 1(8) of the code of criminal procedure. Specifically, the court held that because the judgment did not contain an adjudication of guilt, it was not a valid judgment under article 42.01. *See Kindred*, 773 S.W.2d at 768. In *Savant*, the court of criminal appeals found a document purporting to be a judgment did not show the defendant was "adjudged to be guilty" or "punished" as required by article 42.01. *See Savant*, 535 S.W.2d at 191. Thus, there was no final, valid judgment from which the defendant could appeal. *Id.* at 192; *see also Mosqueda v. State*, 936 S.W.2d 714, 717 (Tex. App.—Fort Worth 1996, no pet.). In *Mosqueda*, although the trial court's order contained an adjudication of the defendant's guilt, the Fort Worth court held as a matter of law the judgment did not comply

---

**2.** All three of appellant's points, though appearing superficially to be independent of one another, are interrelated. Points two and three, complaining of sufficiency of the evidence and jurisdiction of the trial court to assess felony punishment, are actually dependent upon his first point, challenging the rul-

ing on the motion to quash the indictment. If the trial court's ruling on the motion to quash was correct, then points two and three would be decided adverse to appellant as well. So, even if we considered points two and three as being intertwined with point one, the outcome of the case would not change.

with article 42.01. *Mosqueda*, 936 S.W.2d at 717.

Another of our sister courts weighed in on this issue in *Rizo v.. State*, 963 S.W.2d 137 (Tex.App.—Eastland 1998, no pet.). In *Rizo*, the Eastland court, again addressing an issue very similar to that presented in our case, focused on the legislative history behind section 49.09 of the penal code. The court stated the special enhancement statute for operating while intoxicated offenses provides the penalties when a defendant " 'has previously been convicted' " of an offense " 'relating to the operating of a motor vehicle while intoxicated.' " *Rizo*, 963 S.W.2d at 138. Section 49.09(c)(1)(C) defines an " 'offense relating to the operating of a motor vehicle while intoxicated' " to mean " 'an offense under Article 6701*l*–1, Revised Statutes, as that law [which] existed before September 1, 1994.' " *Id.* At the time of the 1988 misdemeanor convictions alleged in appellant's case, article 6701*l*–1(h) provided: "For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated." Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1574, 1576 (subsequently repealed) (now found at Tex. Pen.Code Ann. § 49.09(d) (Vernon Supp.2001)).

Effective September 1, 1994, article 6701*l*–1 was repealed, and DWI offenses were defined in the penal code. *See* Tex. Pen.Code Ann. §§ 49.04–.11 (Vernon 1994 & Supp.2001); *Rizo*, 963 S.W.2d at 138. The version of section 49.09(d) in effect on the date of appellant's offense provided:

> For the purposes of this section, a conviction for an offense under Section 49.04, 49.05, 49.06, 49.07 or 49.08 that occurs on or after September 1, 1994, is a final conviction, whether the sentence

for the conviction is *imposed* or *probated.*

Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2742, 2743 (subsequently amended) (current version at Tex. Pen.Code Ann. § 49.09(d) (Vernon Supp.2001)) (emphasis added). As noted by the *Rizo* court, the clear intent of these provisions, going back to 1984, is to provide that when guilt has been adjudicated, the conviction is final for purposes of section 49 .09, regardless of whether the sentence was imposed or suspended. *See Rizo*, 963 S.W.2d at 138; *see also Ex parte Serrato*, 3 S.W.3d 41, 43 (Tex.Crim.App. 1999) (per curiam).

On the surface, it appears *Rizo* conflicts with *Kindred* and *Savant.* But, in both of those cases, unlike *Rizo*, there was no adjudication of guilt in the judgments. In *Rizo*, and in appellant's case, the judgments reflect an adjudication of guilt. Therefore, both *Rizo* and appellant's case are distinguishable from *Kindred* and *Savant.* Moreover, although we recognize our holding likewise appears to conflict with the holding in *Mosqueda*, we believe following the *Rizo* holding makes sense.

■ The purpose of the legislation enacting section 49.09(d) is obvious. The legislature was not concerned with the procedural niceties of article 42.01, requiring that certain items be included in judgments. Rather, it is clear the legislature intended to permit the State to utilize misdemeanor convictions to elevate an otherwise misdemeanor offense to a felony, whether the punishment in the prior cases was probated, suspended, or imposed. Accordingly, we adopt the reasoning in *Rizo* and decline to follow the holding in *Mosqueda.* Even if all the procedural requirements of article 42.01 have not been met, as long as a judgment adjudicates the guilt of the defendant and assesses his punishment, it may be used under section

49.09(d) to elevate misdemeanor DWI to a felony offense.

In appellant's case, we conclude the judgments sufficiently showed the finality of appellant's prior misdemeanor convictions. Thus, they were properly used to elevate the charge to felony DWI. We, therefore, conclude the trial court did not abuse its discretion in denying appellant's motion to quash. We overrule appellant's first point of error.

We affirm the trial court's judgment.