NO. 07-03-0172-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 6, 2003


______________________________



JIMMY BARELA
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,848-D; HON. DON EMERSON, PRESIDING


_______________________________



Before QUINN and CAMPBELL, JJ., and BOYD, S.J. (1)

ON ABATEMENT AND REMAND


 Appellant Jimmy Barela appeals from a judgment convicting him of assault on a
public servant. The clerk's record is due in this cause, and an extension of the applicable
deadline was sought. To justify the extension, the district clerk represented that appellant
has failed to pay or make arrangements to pay for the record. Nothing of record appears
showing the appellant is indigent and entitled to a free record. 

 Accordingly, we now abate this appeal and remand the cause to the 320th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,

 3. whether the appellant is entitled to a free appellate record and to
appointed counsel on appeal due to his indigency.


The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and all
orders it may issue as a result of its hearing on this matter, and 3) cause to be developed
a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before July 3, 2003. Should further time be needed
by the trial court to perform these tasks, then same must be requested before July 3, 2003. 
 Finally, if the trial court determines that appellant is entitled to appointed counsel and has
no counsel, it must appoint counsel to appellant and inform this court of the name,
address, and state bar number of the appointed counsel.

 It is so ordered. 

 Per Curiam 

 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



cted of DWI before.

 Generally, a conviction wherein the defendant's sentence was suspended and he
was placed on probation is not final until probation has been revoked. Ex parte Langley,
833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Ex parte Murchison, 560 S.W.2d 654, 656
(Tex. Crim. App. 1978). And, given that such a conviction is not final, it normally cannot
be used for enhancement purposes. Therein lies the heart of the dispute before us. We
must determine whether appellant's conviction in January of 1984 was final for purposes
of elevating his latest DWI charge from a class B misdemeanor to a felony of the third
degree. Normally, the answer would be an easy one for we would need only apply the
general rule described in Langley and Murchison. However, via art. 6701l-1(h) of the
Texas Revised Civil Statutes, the legislature modified the general rule. (3) Through it, the
legislature declared that "a conviction for an offense that occurs on or after January 1,
1984, is a final conviction, whether or not the sentence for the conviction is probated." Act
of May 27, 1983, 68th Leg., R.S. ch. 303 §3, 1983 Tex. Gen. Laws 1574, 1576. (4) Given this
and the fact that the offense ultimately resulting in the Randall County conviction occurred
in September of 1983 but appellant was not convicted until January of 1984, the question
before us is whether art. 6701l-1 serves to prevent application here of the general rule
mentioned in Langley and Murchison. To resolve it, we must construe whether the phrase
"that occurs on or after January 1, 1984" modifies the word "conviction" or "offense."
Appellant contends that it modifies the latter while the State argues that it refers to the
former. 

 When interpreting a statute, we attempt to effectuate the collective intent or purpose
of the legislature. Griffith v. State, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003). This
requires us to interpret an unambiguous statute literally, unless doing so would lead to an
absurd result. Id. And, only when a literal reading of the statute leads to an absurd result
will we resort to the use of extratextual factors to determine legislative intent. Id. Finally,
authority obligates us to assume not only that every word contained in the statute has been
used for a purpose but also that each word, phrase, and clause should be given effect. 
Campbell v. State, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001). Application of these rules
leads us to but one conclusion. 

 Article 6701l-1(h) is not ambiguous and, when literally read, means that the offense
must occur after January 1, 1984. This is clear given the legislature's placement of the
phrase "that occurs on or after January 1, 1984" after the word "offense." Indeed, to read
the phrase as referring to "conviction," as suggested by the State, would not only change
the location of the phrase in the statute but also render the word "offense" meaningless. 
Simply put, there would be no reason to include the term if the date of conviction was all
that mattered. Yet, the legislature included the term, and we must give it meaning. 
Campbell v. State, supra. 

 So, upon reading the statute literally and giving effect to each word contained in it,
we hold that before a probated 1984 conviction can be deemed final under art. 6701l-1(h),
the offense must occur after January 1, 1984. (5) And, the record discloses that such was
not the case viz the Randall County conviction at bar. Though appellant was convicted of
the offense in January of 1984, he actually committed it several months earlier, that is, in
September of 1983. Consequently, art. 6701l-1(h) does not apply while the general rule
in Langley and Murchison does, and the State could not use the Randall County conviction
to elevate the 2001 DWI charge to a felony. (6) 

 There being no evidence that appellant was twice convicted of DWI before his trial
upon the 2001 charge, the verdict of the jury is legally insufficient. Consequently, we
reverse the judgment of the trial court and remand for further proceedings. See Ex parte
Arnold, 574 S.W.2d 141, 142 (Tex. Crim. App. 1978) (instructing the trial court to enter a
judgment of conviction for a misdemeanor and remanding for a new punishment hearing).


 Brian Quinn 

 Justice 


Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. At a pretrial hearing on appellant's motion to quash the indictment, the trial court received a copy of
an order entered in Cause No. 20,900-L. As evinced in that order, the County Court for Randall County set
aside the finding of guilt, dismissed the complaint and information, and discharged appellant from probation.
3. This article was subsequently repealed and replaced by §49.09(d) of the Texas Penal Code. 
4. The statute became effective on January 1, 1984. 
5. The State's reliance on Ex parte Serrato, 3 S.W.3d 41 (Tex. Crim. App. 1999), Vrba v. State, 69
S.W.3d 713 (Tex. App.-Waco 2002, no pet.) and Williamson v. State, 46 S.W.3d 463 (Tex. App.-Dallas 2001,
no pet.) is misplaced. None involved a prior DWI conviction wherein the offense actually occurred before
January 1, 1984. 
6. Given that the 1984 judgment offered by the State itself revealed that the 1984 conviction was
probated, we reject the State's comment that there was no evidence illustrating the conviction was not final.