11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Joseph Glen Willis

Appellant

Vs.                   No.
11-02-00242-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial
court convicted Joseph Glen Willis, upon his plea of guilty, of felony driving
while intoxicated.  A plea bargain
agreement was not reached.  The trial
court assessed appellant=s punishment at confinement for 5 years and a $2,500 fine.  However, the trial court suspended the
imposition of the confinement portion of the sentence and placed appellant on
community supervision for 10 years.  We
affirm.

The
indictment alleged that appellant had two prior DWI convictions:  one in 1991 and one in 1993.  The present offense was alleged to have been
committed in 2001.  By alleging the two
prior DWI convictions, the present offense became a felony.  TEX. PENAL CODE ANN. ' 49.09(b)(2) (Vernon 2003).

In his
sole point of error, appellant contends that the 1991 conviction was not a Afinal@ conviction.  Therefore,
appellant argues that the motion to quash the indictment should have been
granted.           

A copy of
the 1991 order granting appellant probation for the 1987 offense is contained
in the clerk=s record. 
The order recites that the trial court is adjudicating appellant=s guilt for the 1987 offense, assessing his
sentence at confinement for 120 days and a $350 fine in the Dallas County Jail,
and suspending the imposition of the sentence and placing appellant on community
supervision for 2 years.








The record
further reflects that appellant signed a judicial confession admitting his
guilt to the offense of felony DWI as charged in the indictment (a third
offense with prior convictions in 1991 and 1993), that appellant entered his
plea of guilty to the indictment in open court, and that appellant testified on
cross-examination that he had gone over the indictment with his counsel and
that Aall the allegations [were] true and correct.@ 
Appellant further testified that he had pleaded guilty to DWI offenses
committed in 1976, 1985, 1987, and 1992 and that his community supervision was
revoked on the 1987 DWI.  Appellant=s counsel explained to the trial court that
the 1987 offense was the subject of the 1991 conviction.

The record
is sufficient to establish that appellant=s 1991 conviction was Afinal@ for the purposes of Section
49.09(b)(2).  Williamson v. State,
46 S.W.3d 463 (Tex.App. - Dallas 2001, no pet=n); Rizo v. State, 963 S.W.2d 137 (Tex.App. - Eastland 1998, no
pet=n). 
Appellant has not established that the trial court abused its discretion
in denying the motion to quash.  Thomas
v. State, 621 S.W.2d 158 (Tex.Cr.App.1980); Williamson v. State,
supra.  The sole point of error is
overruled.

The judgment
of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.