NO. 07-03-0072-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 8, 2004


______________________________



LESTER MURL NIXON, 



 Appellant

v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 02-2590; HON. CARTER R. SCHILDKNECHT, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Lester Murl Nixon challenges his conviction for driving while intoxicated
(DWI) "with two or more previous convictions for the same offense." His sole issue
involves whether the evidence was legally sufficient to support his conviction. Specifically,
appellant contends the State failed to prove that both prior convictions alluded to in the
indictment were final. We reverse the judgment.


Background


 Appellant was indicted in January 2002 for DWI. Included in the indictment was the
allegation that he previously had been convicted of DWI by the County Court of Real
County in 1995 (Cause No. 903) and by the County Court of Randall County in January of
1984 (Cause No. 20,900-L). It is the latter offense which underlies the dispute at bar. The
parties stipulated that the offense resulting in the January 1984 conviction actually
occurred in September of 1983. Furthermore, and as reflected by the judgment that the
State submitted into evidence at trial, the trial court suspended the one year sentence
levied against appellant in Cause No. 20,900-L and placed him on probation for two years.
No evidence was presented at trial illustrating that his probation was ever revoked. (2) 

Authority


 Statute provides that one commits an offense if he is intoxicated while operating a
motor vehicle in a public place. Tex. Pen. Code Ann. §49.04(a) (Vernon 2003). Though
the offense is generally a class B misdemeanor, id. §49.04(b), it becomes a felony of the
third degree "if it is shown . . . that the person has previously been convicted . . . two times
of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." Id. 
§49.09(b)(2) (Vernon Supp. 2004). In other words, statute permits the enhancement of the
charge to a felony if the accused was twice finally convicted of DWI before.

 Generally, a conviction wherein the defendant's sentence was suspended and he
was placed on probation is not final until probation has been revoked. Ex parte Langley,
833 S.W.2d 141, 143 (Tex. Crim. App. 1992); Ex parte Murchison, 560 S.W.2d 654, 656
(Tex. Crim. App. 1978). And, given that such a conviction is not final, it normally cannot
be used for enhancement purposes. Therein lies the heart of the dispute before us. We
must determine whether appellant's conviction in January of 1984 was final for purposes
of elevating his latest DWI charge from a class B misdemeanor to a felony of the third
degree. Normally, the answer would be an easy one for we would need only apply the
general rule described in Langley and Murchison. However, via art. 6701l-1(h) of the
Texas Revised Civil Statutes, the legislature modified the general rule. (3) Through it, the
legislature declared that "a conviction for an offense that occurs on or after January 1,
1984, is a final conviction, whether or not the sentence for the conviction is probated." Act
of May 27, 1983, 68th Leg., R.S. ch. 303 §3, 1983 Tex. Gen. Laws 1574, 1576. (4) Given this
and the fact that the offense ultimately resulting in the Randall County conviction occurred
in September of 1983 but appellant was not convicted until January of 1984, the question
before us is whether art. 6701l-1 serves to prevent application here of the general rule
mentioned in Langley and Murchison. To resolve it, we must construe whether the phrase
"that occurs on or after January 1, 1984" modifies the word "conviction" or "offense."
Appellant contends that it modifies the latter while the State argues that it refers to the
former. 

 When interpreting a statute, we attempt to effectuate the collective intent or purpose
of the legislature. Griffith v. State, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003). This
requires us to interpret an unambiguous statute literally, unless doing so would lead to an
absurd result. Id. And, only when a literal reading of the statute leads to an absurd result
will we resort to the use of extratextual factors to determine legislative intent. Id. Finally,
authority obligates us to assume not only that every word contained in the statute has been
used for a purpose but also that each word, phrase, and clause should be given effect. 
Campbell v. State, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001). Application of these rules
leads us to but one conclusion. 

 Article 6701l-1(h) is not ambiguous and, when literally read, means that the offense
must occur after January 1, 1984. This is clear given the legislature's placement of the
phrase "that occurs on or after January 1, 1984" after the word "offense." Indeed, to read
the phrase as referring to "conviction," as suggested by the State, would not only change
the location of the phrase in the statute but also render the word "offense" meaningless. 
Simply put, there would be no reason to include the term if the date of conviction was all
that mattered. Yet, the legislature included the term, and we must give it meaning. 
Campbell v. State, supra. 

 So, upon reading the statute literally and giving effect to each word contained in it,
we hold that before a probated 1984 conviction can be deemed final under art. 6701l-1(h),
the offense must occur after January 1, 1984. (5) And, the record discloses that such was
not the case viz the Randall County conviction at bar. Though appellant was convicted of
the offense in January of 1984, he actually committed it several months earlier, that is, in
September of 1983. Consequently, art. 6701l-1(h) does not apply while the general rule
in Langley and Murchison does, and the State could not use the Randall County conviction
to elevate the 2001 DWI charge to a felony. (6) 

 There being no evidence that appellant was twice convicted of DWI before his trial
upon the 2001 charge, the verdict of the jury is legally insufficient. Consequently, we
reverse the judgment of the trial court and remand for further proceedings. See Ex parte
Arnold, 574 S.W.2d 141, 142 (Tex. Crim. App. 1978) (instructing the trial court to enter a
judgment of conviction for a misdemeanor and remanding for a new punishment hearing).


 Brian Quinn 

 Justice 


Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. At a pretrial hearing on appellant's motion to quash the indictment, the trial court received a copy of
an order entered in Cause No. 20,900-L. As evinced in that order, the County Court for Randall County set
aside the finding of guilt, dismissed the complaint and information, and discharged appellant from probation.
3. This article was subsequently repealed and replaced by §49.09(d) of the Texas Penal Code. 
4. The statute became effective on January 1, 1984. 
5. The State's reliance on Ex parte Serrato, 3 S.W.3d 41 (Tex. Crim. App. 1999), Vrba v. State, 69
S.W.3d 713 (Tex. App.-Waco 2002, no pet.) and Williamson v. State, 46 S.W.3d 463 (Tex. App.-Dallas 2001,
no pet.) is misplaced. None involved a prior DWI conviction wherein the offense actually occurred before
January 1, 1984. 
6. Given that the 1984 judgment offered by the State itself revealed that the 1984 conviction was
probated, we reject the State's comment that there was no evidence illustrating the conviction was not final. 



 of counsel is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (4) Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003);
see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words,
appellant must demonstrate that the deficient performance prejudiced her defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S.
1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). 

 Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be
sufficient to show that counsel's conduct was so deficient as to meet the first prong of the
Strickland standard as the reasonableness of counsel's choices often involves facts that
do not appear in the record. See Mitchell, 68 S.W.2d at 642. 

 Counsel raises several acts of omission by trial counsel and concludes the record
is not developed for appellant to overcome the presumption of sound trial strategy and
demonstrate harm. We agree that the record before us does not demonstrate counsel's
performance at the revocation hearing was deficient. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure provides
a list of offenses for which community supervision is not available.
3. See Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.03, 1997 Tex. Gen. Laws
327, 438-39.
4. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).