AFFIRM; Opinion issued January 29, 2013.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01704-CR

JOSEPH MICHAEL DEMERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 060883

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

A jury found appellant Joseph Michael Demers guilty of felony driving while intoxicated (DWI) and assessed punishment of ten years' imprisonment. In two points of error on appeal, Demers asserts the evidence of two prior misdemeanor DWI convictions used for enhancement of the offense to a felony was insufficient. We conclude there was sufficient evidence of the prior DWI convictions, and we affirm the trial court's judgment.

## Background

Demers was indicted for the offense of DWI, which was alleged to have occurred on May 21, 2011. The indictment also alleged that prior to commission of the May 21, 2011 offense, Demers was convicted of offenses relating to the operating of a motor vehicle while intoxicated on April 29, 1988,

in cause number 87-1872 in the County Court at Law of Grayson County, Texas, and on May 27, 1993, in cause number 92-2-1640 in the County Court at Law No. 2 of Grayson County, Texas.

A jury found Demers guilty of the May 21, 2011 offense of DWI. The jury also found that, prior to the commission of the May 21, 2011 DWI, Demers was convicted of DWI on April 29, 1988, in cause number 87-1872, and was convicted of DWI on May 27, 1993, in cause number 92-2-1640. The jury assessed punishment of ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012) (An offense under Section 49.04, "Driving While Intoxicated," is a third degree felony if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to operating a motor vehicle while intoxicated.); TEX. PENAL CODE ANN. § 12.34 (West 2011) (The range of punishment for a third degree felony is imprisonment for a term of not more than ten years or less than two years. In addition to imprisonment, a fine not to exceed $10,000 may be assessed.).

On appeal, Demers concedes he was legally intoxicated when operating his motor vehicle on May 21, 2011. However, he challenges the sufficiency of the evidence of the two prior misdemeanor DWI convictions upon which the State relied as enhancements in order to convict Demers for felony DWI.

## Standard of Review

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence,

and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames*, 353 S.W.3d at 860. The jury, as the fact finder, is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We defer to the jury's determinations of credibility, and may not substitute our judgment for that of the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting legal sufficiency analysis, appellate court "may not re-weigh the evidence and substitute our judgment for that of the jury").

### April 29, 1988 Misdemeanor DWI Conviction

In his first point of error, Demers asserts the evidence was insufficient to establish the prior April 29, 1988 misdemeanor DWI conviction because the judgment in cause number 87-1872 failed to find Demers guilty. When, as here, a prior DWI conviction is alleged as an element of the offense of felony DWI, the State bears the burden of proving beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01 (West Supp. 2011) ("A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant."); *Williamson v. State*, 46 S.W.3d 463, 466–67 (Tex. App.—Dallas 2001, no pet.) ("Even if all the procedural requirements of article 42.01 have not been met, as long as a judgment adjudicates the guilt of the defendant and assesses his punishment, it may be used under section 49.09(d) to elevate misdemeanor DWI to a felony offense."). The April 29, 1988 judgment in cause number 87-1872 specifically provides the defendant pleaded guilty to the DWI charge and "the Court . . . so finds that defendant is guilty as confessed by him of the offense of driving while intoxicated. . . ."

Considering the totality of the record in this case in the light most favorable to the verdict, as we are required to do, a rational jury could have found beyond a reasonable doubt that Demers was adjudged guilty in cause number 87-1872, the April 29, 1988 misdemeanor DWI conviction, as alleged to enhance the May 2011 DWI offense to a felony. We overrule Demers's first point of error.

## May 27, 1993 Misdemeanor DWI Conviction

In his second point of error, Demers asserts the evidence was insufficient to establish the prior May 27, 1993 misdemeanor DWI conviction because the State failed to sufficiently connect the May 27, 1993 judgment to Demers. Texas law does not require that the existence of a prior conviction or linking of the defendant to the prior conviction be proven in any specific manner. *Flowers*, 220 S.W.3d at 921–22. In making its proof, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* The existence of a prior conviction and linking of the defendant to the prior conviction may be established by certified copies of the prior judgment and sentence and records of the State containing fingerprints of the individual previously convicted, supported by expert testimony identifying those fingerprints as identical to known fingerprints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App.1968) (op. on reh'g); *see also Griffin v. State*, 181 S.W.3d 818, 820 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("Typically, the State will present fingerprints included in the pen packet, have a fingerprinting expert take fresh fingerprints from the defendant, and then conclude from comparison that the defendant on trial is the same person convicted of the previous offense."). Other methods of proving prior convictions include the testimony of a witness who personally knows the defendant and the facts of his prior conviction and identifies him, or a stipulation or judicial admission of the defendant. *See Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986). The evidence offered could also include photographs of the convicted individual for comparison with the defendant by the fact finder, or identification information such as name, gender, height, eye color,

hair color, and date of birth. *See Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.). The approved methods for proof of identity set forth in various Texas appellate court opinions are not exclusive and may often include the use of a combination of methods. *Beck*, 719 S.W.2d at 210. The State may use circumstantial evidence to prove the defendant is the same person named in the prior convictions. *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988) (op. on reh'g). The fact finder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923. As the Court of Criminal Appeals stated in *Human*:

> [O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

*Human*, 749 S.W.2d at 835–36.

Here, the judgment of conviction was admitted into evidence and showed that on May 27, 1993, in cause number 92-2-1640, a person by the name of Joseph Michael Demers was convicted in Grayson County, Texas, of a misdemeanor DWI offense and sentenced to twenty days in the county jail and assessed a fine of $600. However, even if the name on the judgment is the same as that of the accused at trial, the State must present independent evidence that the accused is the same person previously convicted. *See Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App.—Tyler 1993, no pet.).

No witness at trial testified that the fingerprint on the judgment in the 1993 misdemeanor DWI conviction matched Demers's fingerprint. The "I.D. officer" for the Grayson County Sheriff's Department, Kim Hobbs, indicated she was not testifying the fingerprint appearing on the 1993 judgment was Demers's fingerprint, and that someone else, such as Terry Dunn of the Grayson County District Attorney's Office, would have to identify the fingerprint. Neither Dunn nor any other witness

was called to testify concerning the fingerprint on the judgment in the 1993 misdemeanor DWI conviction. Accordingly, we look to the totality of the evidence to determine whether there are other facts that link Demers to the 1993 misdemeanor DWI conviction. There are two such evidentiary links.

The first evidentiary link connecting Demers to the 1993 misdemeanor DWI conviction is his name. Generally, a name alone is insufficient to connect a defendant to a prior judgment. *See Beck,* 719 S.W.2d at 210. Here, we are not confronted with a name commonly encountered, a partial name, or initials. *See Benton v. State,* 336 S.W.3d 355, 359 (Tex. App.—Texarkana 2011, pet. ref'd). The 1993 misdemeanor DWI judgment contains Demers's full name, Joseph Michael Demers, as did the 1988 misdemeanor DWI judgment contained in State's Exhibit No. 2. Each of these misdemeanor DWI judgments, as well as the felony DWI conviction that is the subject of this appeal, resulted from offenses committed in Grayson County, Texas. While name alone is not the sole evidence connecting Demers to the 1993 misdemeanor conviction, it is unlikely that a person other than Demers, by the same full name of Joseph Michael Demers, was convicted of the 1993 misdemeanor DWI offense in Grayson County, Texas.

The second evidentiary link connecting Demers to the 1993 misdemeanor DWI conviction is the testimony of Officer Hobbs. On direct examination of Officer Hobbs, the State elicited the following testimony:

Q: Mrs. Hobbs, what are your duties as identification officer?
A: I am basically responsible for all jail records.
Q: And in this case were you requested to look at some jail records on behalf of the District Attorney's office?
A: Yes, I was.
Q: What person or defendant was it regarding?
A: Mr. Demers.
Q: Were you able to identify any jail records?
A: Yes, sir, I was.

Q:     What jail records are those?
A:     His jail file.
Q:     Does it contain information relating to arrests from 1992?
A:     Yes, sir, it does.
Q:     Did it show the date on or about that arrest?
A:     I have an arrest for 8-29 of '92.
Q:     Does it say what the offense was for [sic] he was arrested for?
A:     DWI.

                                    * * *

Q:     Have you been able to make an identification from those jail records for the 1992 arrest to the individual seated here in the courtroom?
A:     Yes, I have.
Q:     How did you do that?
A:     I have a photo, a book-in photo of that arrest.
Q:     In comparing the photo with your knowledge of Mr. Demers, is that one in the same person?
A:     Yes, it is.
Q:     Mrs. Hobbs, so the jury understands if an individual comes in the jail and they say they lied about their name but perhaps they have been arrested before, would you have a way to determine who that person is?
A:     Yes, we would. Once their fingerprints are taken, they are submitted to Austin DPS. We get a hit confirmation back on those fingerprints.
Q:     Part of your job when an individual comes in, they give the jail certain information; correct?
A:     That's correct..
Q:     Their name?
A:     Yes.
Q:     Date of birth?
A:     Yes.
Q:     Social security numbers?
A:     Absolutely.
Q:     Other identifiers?
A:     Yes, sir.
Q:     What do you do with that information?
A:     We input that into our system. Just as the subject gave the officer that did the arrest and then it's submitted along with the prints to the Austin DPS.
Q:     In your judgment, the jail records that you have, do they support identifying information from arrests from 1992 on Joseph Demers.
A:     Yes, they do.

                                    * * *

Q:     I am showing you what is marked as state's exhibit number three which is a certified copy of a judgment and a sentence. Is this the same Joseph Michael Demers that is seated here in the courtroom?

—7—

A:    Yes, sir, I believe that it is.

\* \* \*

Q:    And, Mrs. Hobbs, so the jury understands, again we talked a little bit about identification. But it's your job, is it not, to merge records?

A:    That's correct.

Q:    In the jail. So if someone comes in, in this case Mr. Demers had been arrested within the last year, you would have merged those records with those 1992 jail records; correct?

A:    That's correct.

Q:    That is basically how you know this is one in the same individual?

A:    Correct.[1]

Demers did not object to Officer Hobbs's testimony linking him to the 1993 misdemeanor DWI conviction. Furthermore, Demers did not object to admission of State's Exhibit No. 3, which contained a certified copy of a judgment of conviction dated May 27, 1993 in cause number 92-2-1640 showing that a person by the name of Joseph Michael Demers was convicted in Grayson County, Texas of the offense of misdemeanor DWI, sentenced to twenty days in the county jail, and assessed a fine of $600.

We note that there is a third link connecting Demers to the 1993 misdemeanor DWI conviction. However, the link is not evidentiary; it is a link provided in the closing argument of defense counsel during the guilt-innocence phase of the trial. While Demers moved for a directed verdict of acquittal at the conclusion of the State's case on the basis of legal and factual insufficiency of the evidence, Demers made no specific motion or objection during trial concerning any alleged inadequacy of the evidence linking him to the 1993 misdemeanor DWI conviction. In fact, neither the State nor Demers argued any identity issue concerning the prior DWI convictions to the jury. When counsel for Demers mentioned the prior 1993 misdemeanor DWI conviction during his closing argument to the jury, he stated:

---

[1]    The testimony of Officer Hobbs is significantly more probative than the one sentence of police officer testimony, purporting to link a defendant to a prior conviction, that the court found lacking in *Prihoda v. State*, 352 S.W.3d 796, 810 (Tex. App.—San Antonio 2011, pet. ref'd).

The two convictions are misdemeanor convictions. The two convictions happened in 1988 and 1993. Years have passed. Apparently he learned his lesson for a while at least depending on how you find today. But they are not proof and the judge has told you in the instructions, they are not proof of his guilt for what he is charged with today. We didn't try to hide them. We didn't try to make ridiculous observations. We simply raised the points and then brought them into evidence. I told you up front that we weren't going to try to hide anything from you in this case.

In his jury argument, defense counsel focused the jury on the trial court's instruction that evidence of the 1993 misdemeanor DWI conviction could not be considered in determining whether Demers was intoxicated while driving a motor vehicle on the date of the charged offense. However, the jury argument also conceded that Demers was convicted of the 1993 misdemeanor DWI offense, a matter defense counsel indicated he never intended to hide from the jury.[2]

Considering the totality of the record in this case in the light most favorable to the verdict, as we are required to do, a rational jury could have found beyond a reasonable doubt that Demers was the same person who was convicted in cause number 92-2-1640, the May 27, 1993 misdemeanor DWI conviction, as alleged to enhance the May 2011 DWI offense to a felony. We overrule Demers's second point of error.

## Conclusion

There was sufficient evidence on this record for a rational jury to have found beyond a reasonable doubt that Demers had been convicted of the 1988 misdemeanor DWI offense in cause number 87-1872 and the 1993 misdemeanor DWI offense in cause number 92-2-1640 that were used to enhance the current offense to a felony.

---

[2]  *See Benton*, 336 S.W.3d at 360 (statements of defense counsel during closing arguments were judicial admissions linking defendant to prior convictions). *Cf. Smith v. State*, 489 S.W.2d 920 (Tex. Crim. App. 1973) (explanation by defense counsel in closing argument that two prior convictions occurred long ago did not constitute evidence and did not sufficiently connect appellant with "the prior convictions so as to render unnecessary any further proof on the part of the State").

Accordingly, we affirm the trial court's judgment.

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111704F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH MICHAEL DEMERS, Appellant

No. 05-11-01704-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 15th Judicial District Court of Grayson County, Texas. (Tr.Ct.No. 060883).

Opinion delivered by Justice Fillmore, Justices Moseley and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 29, 2013.

_____
ROBERT M. FILLMORE
JUSTICE