**Ex parte Joseph Edward MURCHISON.**

**No. 55142.**

Court of Criminal Appeals of Texas.

En Banc.

Jan. 18, 1978.

## OPINION

ROBERTS, Judge.

This is a post conviction application for a writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P. The petitioner was convicted of assault with intent to commit rape.[1] The jury found the allegations of two felony convictions to be true,[2] and the appellant's punishment was imposed at life imprisonment. Upon appeal, this Court dismissed the appeal by per curiam opinion delivered April 24, 1974.[3]

The petitioner's contentions are numerous. However, we need only consider the petitioner's contentions that his punishment was enhanced by a prior conviction in which the sentence had been probated, the probation had not been revoked, and that therefore his punishment could not be enhanced under Vernon's Ann.P.C., Articles 62 or 63. We grant the relief requested.

The petitioner was charged by indictment with assault with intent to commit rape.

1. Vernon's Ann.P.C., Article 1162.

2. Vernon's Ann.P.C., Article 63.

The indictment also alleged two prior non-capital felony convictions. The first felony conviction alleged was possession of marihuana, Cause No. 12,671, from Henderson County. The second felony conviction alleged was theft of property over $50, Cause No. 8658, from Nacogdoches county.

The petitioner contends that the State's proof of the first prior felony conviction *showed on its face* that the imposition of his sentence was suspended and that he was placed on probation. Furthermore, he contends that the State did not offer proof that his probation in the first felony conviction had been revoked and the execution of sentence imposed. Thus, according to the petitioner, there was *no evidence* that the first felony conviction was final and therefore it could not be used for enhancement purposes.

Since the petitioner does not contend that the first felony conviction was void, the threshold question is whether this Court will consider the petitioner's contentions. In Ex Parte Moffett, 542 S.W.2d 184 (Tex. Cr.App. 1976), we permitted a collateral attack of an order revoking the defendant's probation where the revocation order was based on *no evidence.* We there held that since there was *no evidence,* not merely insufficient evidence, to support the order revoking probation, a violation of due process had been shown which justified collateral attack by habeas corpus. We hold in this case that the petitioner's no evidence contention is likewise grounded on an allegation that he was denied due process of law and that the finality of the first prior felony used for enhancement is subject to collateral attack by habeas corpus.

The allegations contained in the petitioner's application for habeas corpus are supported by the record from the appeal of the conviction for assault with intent to commit rape. The State's proof of the first prior felony conviction consisted of certified cop-

3. Cause No. 48,472. The dismissal was based on Articles 44.09 and 44.10, Vernon's Ann.C. C.P.

ies of the indictment, the judgment, and the order suspending the sentence and placing the petitioner on probation. The order suspending the imposition of sentence and placing the petitioner on probation affirmatively shows that the petitioner was placed on probation on January 15, 1971. None of these certified copies, or any other evidence introduced by the State, proved that the probation had been revoked.

It is well established that under our former Penal Code only final convictions could be used for enhancement purposes. *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App. 1974; *Nealy v. State*, 500 S.W.2d 122 (Tex.Cr.App.1973)). Moreover, it is equally well established that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted. *White v. State*, 171 Tex.Cr.R. 683, 353 S.W.2d 229 (1962); *Ellis v. State*, 134 Tex.Cr.R. 346, 115 S.W.2d 660 (1938); *Arbuckle v. State*, 132 Tex.Cr.R. 371, 105 S.W.2d 219 (1937); *Fetters v. State,* 108 Tex.Cr.R. 282, 1 S.W.2d 312 (1927); *Brittian v. State*, 85 Tex.Cr.R. 491, 214 S.W. 351 (1919). However, a conviction is final for enhancement purposes where the imposition of sentence has been suspended, probation granted, but a revocation of the probation is alleged and proved by the State. *Arbuckle v. State*, supra; *Fetters v. State*, supra. Thus, in the absence of proof of an order revoking the petitioner's probation, there was *no evidence* that the first prior felony conviction was a *final* conviction. We therefore hold that the petitioner's life sentence was obtained in violation of his right to due process of law.

We also note that since the first prior felony conviction was not available for enhancement purposes, Vernon's Ann.P.C., Article 63 was not available to the prosecution. However, the question remains. whether the second felony conviction—theft of property over the value of $50[4] —could have been used to enhance the appellant's punishment under Vernon's Ann. P.C., Article 62.

Vernon's Ann.P.C., Article 62, states that:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The obvious issue is whether theft of property over $50 is the "same offense or one of the same nature" as that of assault with intent to commit rape. Theft of property over $50 is an offense against property. It consists of a fraudulent and wrongful taking of corporeal personal property from another, without his consent, with the intent to deprive the owner of the value of the property, and with the intent to appropriate the property to one's own use and benefit. Assault with intent to commit rape, however, is an offense against a person. It consists of an assault and the specific intent to commit rape. In *Robertson v. State*, 426 S.W.2d 872 (Tex.Cr.App. 1968), we held that robbery by assault and assault with intent to murder were not of the same or similar nature although the element of an assault was common to both offenses. In the present case, where there are no common elements, we conclude that theft is not the "same offense or one of the same nature" as that of assault with intent to commit rape. It is therefore clear that Article 62 was likewise not available for enhancement purposes.

For the foregoing reasons, the petitioner's application for writ of habeas corpus is granted and he is ordered remanded to the sheriff of Nacogdoches County to answer indictment No. 9347–73–3.

It is so ordered.

4. See Vernon's Ann.P.C., Articles 1410 and 1421.