IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,158-01




EX PARTE MUHAMET AJVAZI, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1122010 IN THE 8TH DISTRICT COURT
FROM HOPKINS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful
possession of a firearm by a felon and sentenced to forty years’ imprisonment. The Sixth Court of
Appeals affirmed his conviction. Ajvazi v. State, No. 06-11-00160-CR (Tex. App.–Texarkana
October 30, 2012).
            Applicant contends that his counsel rendered ineffective assistance because he failed to
challenge the sufficiency of the convictions used for enhancement. He alleges that one of the prior
convictions used to enhance this conviction was probated and was never revoked, therefore it was
not available for use as an enhancement. Ex Parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim.
App. 1978).
            The trial court has made findings that trial counsel properly objected and obtained rulings
on those objections, preserving error for appellate review, but that appellate counsel did not raise this
claim on appeal. The trial court also found that the enhancement allegation regarding the partially
probated sentence should not have been available for use as an enhancement. However, appellate
counsel has not responded to Applicant’s claim.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant’s claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make additional findings as to whether Applicant had any prior
convictions, other than those alleged, which could have been used for enhancement purposes. Ex
parte Parrot, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make findings of
fact and conclusions of law as to whether the performance of Applicant’s appellate counsel was
deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial court
may also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 2, 2014
Do not publish