

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00223-CR

_____

JESSICA NICOLE NANCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1101695

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jessica Nicole Nance appeals from her conviction, on an open plea of guilty, of driving while intoxicated (DWI), second offense. Following a hearing on punishment, the trial court sentenced Nance to 250 days in jail. Nance's appointed appellate counsel filed an *Anders*[1] brief in this matter detailing the procedural history of the case, summarizing and analyzing the trial evidence, and stating that he found no meritorious issues to raise on appeal. Nance availed herself of the opportunity to file a pro se response. Additionally, she filed several pleadings, labeled motions, raising issues that should have been included in her pro se response. In the interests of justice, we considered the arguments raised in Nance's motions as though they were included in her pro se response.

## I.       Claims of Ineffective Assistance of Counsel

After carefully reviewing Nance's pro se response and the other pleadings she filed with this Court, it is clear that Nance's complaint, on appeal, is that she received ineffective assistance from her appointed trial counsel. Specifically, Nance claims that her trial counsel's assistance was ineffective with respect to each of the following issues: (1) the admissibility and utilization of a prior DWI conviction, (2) Nance's competence to stand trial, and (3) the admissibility, utilization, and refutation of the State's evidence concerning field-sobriety testing.

### A.       Standard of Review

In reviewing a claim of ineffective assistance of counsel, we apply the two-prong test handed down by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

(1984); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The first prong of the *Strickland* test requires a showing that (1) counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. 668). This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In fact, "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003) (quoting *Strickland*, 466 U.S. at 690–91).

The second prong of the *Strickland* test, sometimes referred to as the prejudice prong, requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Id*. at 694. *Strickland*'s second prong carries a lower burden of proof than the preponderance of the evidence standard of the first prong. *See id.*; *Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990). An appellant need not show that counsel's deficient performance more likely than not altered the outcome of the case. *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Instead, a defendant challenging a guilty or nolo contendere plea satisfies the prejudice requirement of *Strickland* by showing a reasonable probability that absent counsel's deficient performance, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

**B.      Analysis**

**1.      Admissibility and Utilization of Prior DWI Conviction**

Nance first claims that her attorney's failure to object to the introduction of evidence of a prior DWI conviction constituted ineffective assistance of counsel.    However, evidence of Nance's prior conviction was admissible; the State was required to prove the conviction in order to obtain an enhanced sentence.    Accordingly, objections to the introduction of such evidence would have been unavailing.    Further, the prior conviction evidence was offered by the State during the punishment phase of trial, after Nance had pled guilty to the court.    Pursuant to the Texas Code of Criminal Procedure, during the punishment phase of a trial,

> evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014).    Thus, a wide range of "bad act" evidence is admissible at the punishment phase that might not have been admissible during the guilt/innocence stage.    *See Sierra v. State*, 266 S.W.3d 72, 79 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Nance next argues that trial counsel's failure to object to the utilization of her prior DWI conviction for enhancement purposes constituted ineffective assistance of counsel.    Nance contends that her prior DWI conviction was an inappropriate basis for enhancement because she successfully completed her community supervision, directing us to a line of cases holding that

4

only final convictions may be utilized for enhancement purposes. *See Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). Nance correctly notes the long-standing principle

> that a conviction is not final for enhancement purposes where the imposition of sentence has been suspended and [community supervision] granted. However, a conviction is final for enhancement purposes where the imposition of sentence has been suspended, [community supervision] granted, but a revocation of the [community supervision] is alleged and proved by the State.

*Id.* (citations omitted); *see Franklin v. State,* 219 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.). However, Nance fails to recognize that these principles and the cases applying them are inapplicable to the facts of her case. First, the principles relied upon by Nance relate to the general felony enhancement statute, which specifically requires a final conviction. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014). By way of contrast, the statute governing enhancement of intoxication offenses simply requires the State to prove that the individual "has previously been convicted," not that she has been finally convicted. TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2014). Second, the statute that controls the enhancement of intoxication offenses specifically states that a conviction for an intoxication offense that "occurs on or after September 1, 1994, is a final conviction, whether the sentence for the conviction is imposed or probated."[2] TEX. PENAL CODE ANN. § 49.09(d) (West Supp. 2014). Nance's prior conviction occurred long after September 1, 1994. Accordingly, her argument is without merit.

In short, Nance failed to establish that trial counsel's failure to object to the admission of her prior DWI conviction or to the State's use of that conviction for enhancement purposes fell

---

[2]For an extensive discussion of the interaction between and changes to the statutory law in this area, *see Nixon v. State*, 153 S.W.3d 550 (Tex. App.—Amarillo 2004, pet. ref'd), and *Gibson v. State*, No. 05-99-01309-CR, 2000 Tex. App. LEXIS 6921 (Tex. App.—Dallas Oct. 13, 2000, pet. ref'd) (mem. op., not designated for publication).

below an objective standard of reasonableness under prevailing professional norms; consequently, this point of error fails the first prong of *Strickland* and is overruled.

### 2. Competence to Stand Trial

There is not even a suggestion in the record before us that Nance was incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006). This point of error is without merit.

### 3. Admissibility, Utilization, and Refutation of Field-Sobriety Tests and Intoxilyzer Evidence

Finally, Nance complains that trial counsel's acts and/or omissions relating to (1) the testimony of a law enforcement officer concerning the horizontal-gaze nystagmus (HGN) and other field-sobriety tests and (2) the State's evidence concerning the Intoxilyzer—a breath alcohol measurement instrument—amounted to ineffective assistance of counsel.

The Texas Court of Criminal Appeals has taken judicial notice that the scientific theory underpinning the HGN test is sound and that the HGN test, properly administered, is a reliable indicator of intoxication. *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994). Additionally, "[t]he Legislature has determined that intoxilyzer test results are admissible when performed in accordance with the Transportation Code and the Texas Department of Public Safety regulations." *Scherl v. State*, 7 S.W.3d 650, 652–653 (Tex. App.—Texarkana 1999, pet. ref'd); *See* TEX. TRANSP. CODE ANN. § 724.064 (West 2011); 37 TEX. ADMIN. CODE §§ 19.1–.8 (Westlaw, Westlaw current through Oct. 15, 2014) (Tex. Dep't of Pub. Safety, Breath Alcohol Testing Regulations).

6

Ineffective assistance of counsel must be shown on the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim App. 1999). Here, the testifying officer was certified to administer standardized field-sobriety tests and to operate the Intoxilyzer, and his testimony related to the administration of those tests to Nance and the operation of the Intoxilyzer in taking Nance's breath sample. Nance has failed to demonstrate how counsel rendered ineffective assistance of counsel by failing to object to this evidence.

With respect to her complaints concerning trial counsel's failure to procure an intoxication expert to counter the State's field-sobriety tests and Intoxilyzer evidence, we first note that the failure to call an expert witness is irrelevant without a showing that such an expert witness was available to testify on the relevant issue. *See Garza v. State*, 298 S.W.3d 837, 842 (Tex. App.—Amarillo 2009, no pet.) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). The record in this case is devoid of evidence demonstrating that an expert witness was available to counter the State's evidence regarding field-sobriety tests and/or the Intoxilyzer test. Nance failed to rebut the strong presumption that trial counsel's decision not to call an expert witness fell within the wide range of reasonable representation. *See Thompson*, 9 S.W.3d at 813. Ineffective assistance of counsel has not been demonstrated.

The motions Nance filed with this Court are premised on the exact same theories and arguments that she raised in her pro se response, and, for the reasons discussed above, the motions are not well taken. Nance's motions are overruled.

7

## II.    *Anders* **Requirements**

Satisfying the requirements of *Anders* and its progeny, Nance's appointed counsel filed a brief in which he offered a professional evaluation of the record and demonstrated, in effect, why there are no arguable appellate grounds to be advanced on Nance's behalf.  *See Anders*, 386 U.S. at 743–44; *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).   In further compliance with the requirements of *Anders*, counsel also filed a motion with this Court seeking to withdraw as counsel.  As a part of his motion to withdraw, counsel affirmed (1) that he had forwarded copies of his brief and motion to withdraw to Nance, (2) that he had informed Nance of her right to review the record and file a pro se response, and (3) that he provided Nance a copy of the record in this matter.

After an independent review of the appellate record in this matter, we, like Nance's trial counsel, have concluded that there are no genuinely arguable appellate issues and that this appeal is wholly frivolous.  *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsel's assessment of the case.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[3]

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Nance in this case. *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should Nance wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     September 4, 2014
Date Decided:     November 10, 2014

Do Not Publish