In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00373-CV

_____

RONALD J. WILLS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 14-03-02659 CV

MEMORANDUM OPINION

Ronald J. Wills appeals from the denial of a petition for nondisclosure of his criminal history record information. We must decide whether, under the version of section 411.081 in effect before its amendment by the 84th Legislature in 2015[1], a person is entitled to an order of nondisclosure when that person is convicted during the community supervision period for an offense that occurred before the

---

[1]All references to section 411.081 of the Texas Government Code in this opinion are to the version of the statute in effect before the enactment of S.B. 1902 in 2015.

community supervision period commenced. *See* Act of June 18, 1993, 73rd Leg., R.S., ch. 790, 1993 Tex. Gen. Laws 3088 (amended in 2003, 2005, 2007, 2009, 2011, 2013, 2015)(current version at Tex. Gov't Code § 411.074). We hold that the statute is unambiguous, and that a person is not entitled to an order of nondisclosure if that person is convicted of an offense during the period of community supervision regardless of when that offense was committed. Accordingly, the trial court did not abuse its discretion. We affirm the trial court's order denying the petition for nondisclosure.

We review an issue of statutory construction de novo as a question of law. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). "Our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." *Id.* "Where text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g). "We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). "We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind." *Id.* "Determining

legislative intent requires that we consider the statute as a whole, reading all its language in context, and not reading individual provisions in isolation." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). We presume that the Legislature intended a just and reasonable result. Tex. Gov't Code Ann. § 311.021(3) (West 2013). In construing a statute, we may consider: (1) the object sought to be attained by the statute; (2) the circumstances under which the statute was enacted; (3) the legislative history; (4) the common law or former statutory provisions and the laws on the same or similar subjects; (5) the consequences of a particular construction; (6) the administrative construction of the statute; and (7) the statute's title, preamble, and emergency provision. *Id.* § 311.023. We resort to rules of construction and extrinsic aids only when the words of the statute are ambiguous. *Summers*, 282 S.W.3d at 437.

The petition for non-disclosure that Wills filed on March 7, 2014, stated that he was arrested on April 20, 2002, and alleged that he is entitled to an order of non-disclosure because five years had passed since the successful discharge of deferred adjudication community supervision for that offense. Wills indicated that he had not been convicted or placed on community supervision since his discharge. The State opposed the petition for nondisclosure and alleged that Wills was statutorily ineligible for an order of nondisclosure because he was convicted of

3

another offense and placed on community supervision during his period of deferred adjudication community supervision. In his testimony for the hearing on his petition for nondisclosure, Wills established that his period of deferred adjudication community supervision for his first offense began April 24, 2003. Wills also acknowledged that he was placed on community supervision on June 25, 2003, stemming from a second offense, which resulted in a conviction. Documents admitted in evidence in the hearing show that the two offenses occurred on the same date, but the period of deferred adjudication community supervision at issue here began approximately two months before the county court at law judge signed the judgment placing Wills on community supervision for the other offense. The order discharging the community supervision on the misdemeanor offense is not in the trial record and Wills offered no testimony regarding the disposition of his community supervision for the misdemeanor offense.

Wills argues the intent of the nondisclosure statute is to reward persons who successfully complete deferred adjudication community supervision. Because he was not convicted for an offense committed during the community supervision period, he argues, the interests of justice support issuing an order of nondisclosure. In a supplemental brief, Wills argues disallowing an order of nondisclosure

deprives him of the benefit of his plea bargain agreement and circumvents the purpose for deferred adjudication.

In implementing public policy on the nondisclosure of criminal record information, the Legislature defined the class of persons who were eligible for an order of nondisclosure:

> A person is entitled to petition the court . . . only if during the period of the deferred adjudication community supervision for which the order of nondisclosure is requested . . . the person is not convicted of or placed on deferred adjudication community supervision . . . for any offense other than an offense under the Transportation Code punishable by fine only.[2]

*See* Tex. Gov't Code Ann. § 411.081(e). The Legislature determined the class of persons eligible for an order of nondisclosure and we are bound to construe the statute as it was written. *See id., First State Bank of DeQueen*, 325 S.W.3d at 636-

---

[2]As amended and redesignated in 2015 as section 411.074(a) of the Texas Government Code, for offenses committed on or after September 1, 2015:

> A person may be granted an order of nondisclosure of criminal history record information under this subchapter and, when applicable, is entitled to petition the court to receive an order under this subchapter only if, during the period after the court pronounced the sentence or placed the person on deferred adjudication community supervision for the offense for which the order of nondisclosure is requested . . . the person is not convicted of or placed on deferred adjudication community supervision . . . for any offense other than an offense under the Transportation Code punishable by fine only.

Tex. Gov't Code Ann. § 411.074 (West, Westlaw through 2015 R.S. 84 Leg.).

5

37. We cannot disregard direct and clear statutory language that does not create an absurdity. *See First State Bank of DeQueen,* 325 S.W.3d at 638. Section 411.081(e) of the Texas Government Code is unambiguous. Without regard to the date of the offense, it provides that a person convicted of an offense during a period of community supervision is not entitled to an order of nondisclosure upon successful completion of the term of community supervision. *See* Tex. Gov't Code Ann. § 411.081(e).

Wills argues on appeal that his misdemeanor offense did not result in a conviction because he successfully completed his probationary term for that offense. In support of his argument, Wills cites to a case that concerns whether an offense is available for enhanced punishment on conviction for a subsequent offense. *See Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). Wills's misdemeanor offense is a final conviction for enhancement purposes "whether the sentence for the conviction is imposed or probated." *See* Tex. Penal Code Ann. § 49.09(d) (West Supp. 2014). Furthermore, a person whose conviction is not final for purposes of enhanced punishment has still been convicted for other purposes. *See Throneberry v. State*, 109 S.W.3d 52, 55 (Tex. App.—Fort Worth 2003, no pet.). Moreover, Wills did not provide the trial court with evidence that he successfully completed community supervision and obtained a dismissal of the

charging instrument for the misdemeanor offense. *See generally* Tex. Code Crim. Proc. Ann. art. 42.12, § 20 (West Supp. 2014). Because Wills has not shown that he is statutorily eligible to file a petition for nondisclosure, we conclude the trial court did not abuse its discretion in denying his petition. We overrule the sole issue that is raised in the appeal, and we affirm the trial court's order denying the petition for nondisclosure.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 30, 2015
Opinion Delivered October 29, 2015

Before Kreger, Horton, and Johnson, JJ.