PD-0734-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/8/2017 10:42 AM
Accepted 11/8/2017 2:22 PM
DEANA WILLIAMSON
CLERK

**NO. PD-0734-17**

IN THE

**COURT OF CRIMINAL APPEALS**

OF TEXAS

AUSTIN, TEXAS

FILED
COURT OF CRIMINAL APPEALS
11/8/2017
DEANA WILLIAMSON, CLERK

---

**EX PARTE RUSSELL BOYD RAE,**

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

---

NO. 06-17-00063-CR

COURT OF APPEALS

FOR THE SIXTH DISTRICT OF TEXAS

AT TEXARKANA

_____

Appealed from the 276th Judicial District Court

Marion County, Texas

Trial Court Cause No. F14-689-A

---

**STATE'S BRIEF**

---

ANGELA SMOAK
Marion County Attorney

Ricky Shelton
Assistant County Attorney
Marion County, Texas
102 West Austin, Room 201
Jefferson, TX  75657
(903) 665-2611
(903) 665-3348 (fax)
SBOT 24098418
ricky.shelton@co.marion.tx.us

# IDENTITY OF PARTIES AND COUNSEL

In compliance with Rule 68.4, TEX R. APP. PROC., following are the identities of the trial court judge, all parties to the judgment appealed from, and the names and addresses of all trial and appellate counsel:

Parties

Russell Boyd Rae, Appellant

The State of Texas, Appellee

Trial Court Judge

Hon. Robert Rolston
Presiding Judge, 276th District Court
Marion County, Texas

Trial and Appellate Counsel

William K. Gleason, Attorney at Law
P.O. Box 888
Jefferson, TX 75657
Counsel for Appellant at trial

James R. ("Rick") Hagan, Attorney At Law
P.O. Box 3347
Longview, TX 75606
Counsel for Appellant in Probation Revocation and Habeas at Trial Court

Angela Smoak
County and District Attorney of Marion County
102 West Austin, Room 201
Jefferson, TX 75657
Trial Counsel for the State of Texas, Appellee

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL (CONT'D)

Hough-Lewis("Lew") Dunn, Attorney at Law
P.O. BOX 2226
Longview, TX 75606
Counsel for Appellant on Appeal

Ricky Shelton
Assistant County and District Attorney, Marion County
102 West Austin, Room 201
Jefferson, TX 75657
Counsel for State on Appeal

Stacey M. Soule
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711-3046

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL........................................... i

TABLE OF CONTENTS.............................................................. iii

INDEX OF AUTHORITIES.......................................................... iv

STATEMENT OF THE CASE........................................................ 1

STATEMENT REGARDING ORAL ARGUMENT................................ 1

STATEMENT OF FACTS........................................................... 3

REPLY TO APPELLANT'S SOLE ISSUE ......................................... 6

**1) The Appellant has failed to challenge every reason or alternative holding made by the Court of Appeals.**
**2) The Court of Appeals ruled, in order to jurisdictionally enhance a DWI to a felony, there is no requirement that the prior convictions be final.**
**3) Furthermore, even if required to be a final conviction, the Court of Appeals did not err in finding the prior conviction for Operating a Watercraft While Intoxicated to be a final conviction.**

SUMMARY OF THE ARGUMENT.................................................. 7

ARGUMENT AND AUTHORITY.................................................... 8

CONCLUSION..................................................................... 14

PRAYER........................................................................... 16

CERIFICATE OF SERVICE........................................................ 16

CERTIFICATE OF COMPLIANCE................................................. 17

# INDEX OF AUTHORITIES

*Ex Parte Russell Boyd Rae,*
      2017 Tex. App. LEXIS 5325
      (Tex. App. – Texarkana, June 13, 2017).............................. 5, 7, 13

*Gonzales v. State,*
      864 S.W.2d 522,523-24 (Tex. Crim. App. 1993).................... 8

*Gibson v. State*
      995 S.W.2d 693,694 (Tex. Crim. App. 1993)........................ 8, 12

*Coit v. State,*
      808 S.W.2d 473, 475 (Tex. Crim. App.1991)......................... 10

*Boykin v. State,*
      818 S.W.2d 782, 785 (Tex. Crim. App.1991).......................... 10

*Ex Parte Murchison,*
      560 S.W.2d 654, 656 (Tex. Crim. App. 1978)....................... 11, 12

*Rizo v. State,*
      963 S.W.2d 137, 139 (Tex. App. –Eastland 1997, no pet.).... 13

*Ex parte Russell Boyd Rae,*
      (*per curiam* decision, December 3, 2003)............................... 14


      STATUTES:
      Tex. Code of Crim. Proc. Art. 11.072...................................... 4
      TEX. REV. CIV. STAT. art. 6701/-1(h) (1991)........................ 8, 13
      TEX. Penal Code §49.09(b)...................................................... 7-14
      TEX. Penal Code 12.42............................................................ 12
      TEX. Penal Code §49.04.......................................................... 9
      §31.097 previously of the Texas Parks and Wildlife Code....... 11,13
      TEX. Penal Code §31.03 ......................................................... 11
      TEX. Penal Code §21.01 ......................................................... 11

## STATEMENT OF THE CASE

On August 3, 2016, Appellant pleaded guilty to a third degree felony DWI. The appellant also affirmatively pleaded true to the enhancement paragraph contained in the indictment. Appellant was sentenced to ten (10) years in TDC Institutional Division, probated for ten years.

On November 10, 2016, the State filed a Motion to Revoke Appellant's probated sentenced. Appellant filed an Application for Writ of Habeas Corpus, which was denied after hearing. That Writ Application contested the use of a prior conviction to jurisdictionally enhance the DWI to a felony. An Appeal was made to the Sixth Court of Appeals in Texarkana, which affirmed the trial court in a Memorandum Opinion on or about June 13, 2017. A Petition for Discretionary Review was then filed on July 12, 2017. This Court granted discretionary review on September 13, 2017.

## STATEMENT REGARDING ORAL ARGUMENT

This Court has stated that the case will be submitted on briefs without oral argument.

# NO. PD-0734-17

## IN THE

## COURT OF CRIMINAL APPEALS

OF TEXAS
AUSTIN, TEXAS

## EX PARTE RUSSELL BOYD RAE,
APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

## STATE'S BRIEF

TO HE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW THE STATE OF TEXAS, and files this, a Brief in reply to Appellant's petition for discretionary review of his conviction in the trial court for felony DWI, subsequently affirmed by the Sixth Court of Appeals, and would show:

## STATEMENT OF FACTS

Guilty Plea

Appellant was indicted for a third degree felony DWI, with two prior intoxication offenses alleged.(CR 6)  On August 3, 2016, at the hearing for his guilty plea, Appellant appeared with counsel and was admonished by the trial court.(1 RR 4-7). Appellant entered a plea of guilty to the charge of DWI and furthermore, pleaded "true" to the enhancement paragraphs.(1 RR 7-8) The trial court accepted the pleas as voluntarily made, and the State offered a signed stipulation of evidence to the trial court.(1 RR 9)  The State recommended a sentence of ten years probated for ten years, a fine of $3500.00 and other conditions of probation, including 10 days in county jail.(1 RR 9)  Appellant agreed with the recommendation, and thereafter, the trial court followed the agreement of the parties and entered judgment accordingly. (1 RR 10; CR8)

State's Petition to Revoke Probated Judgment

On or about November 10, 2016, the State filed "State's Petition to Revoke Probated Judgment."(CR 11)  A capias was issued, and Appellant was arrested and jailed.  Thereafter, on December 27, 2016, Appellant filed

"Defendant's Motion to Quash Application for Revocation of Probation" with several exhibits attached.(CR 13)

Hearing on Application for Writ of Habeas Corpus and Motion to Quash

On December 27, 2016, Appellant filed his Application for Writ of Habeas Corpus, pursuant to Art. 11.072, TEX. CODE CRIM PROC.(CR 30) In response, the State filed "State's Response to Applicant's Application for Writ of Habeas Corpus and Motion to Quash."(CR 50)

At the hearing on February 23, 2017, Counsel for Appellant offered his arguments and authorities concerning why the second conviction used for enhancement (boating while intoxicated, Cause No. 6513 from Marion County in 1993) was not a proper case to use for enhancement; counsel requested the trial court to declare the judgment in the case at bar void because of that infirmity.(2 RR 3,5) The State countered by arguing that there is a distinction to be made between using a prior DWI for purposes of jurisdictional enhancement as opposed to using it for purposes of punishment, urging the trial court to review the State's arguments contained in State's "Response".(2 RR 6, CR 50) During the hearing both parties

agreed that the exhibits to their respective pleading be admitted into evidence as exhibits, and the trial court approved.(2 RR 6,7)

Thereafter, the trial court entered an "Order Denying Application for Writ of Habeas Corpus with Findings of Fact and Conclusions of Law.(CR 74)

Appeal

The Court of Appeals upheld the denial of habeas relief in *Ex Parte Russell Boyd Rae*, 2017 Tex. App. LEXIS 5325 (Tex. App. – Texarkana, June 13, 2017).

## REPLY TO APPELLANT'S SOLE ISSUE

(from Appellant's brief)

## APPELLANT'S SOLE ISSUE PRESENTED

DID THE COURT OF APPEALS ERR IN FINDING THAT THE PRIOR CONVICTION FOR OPERATING A WATERCRAFT WHILE INTOXICATED WAS A FINAL CONVICTION?

## STATE'S REPLY

1) **The Appellant has failed to challenge every reason or alternative holding made by the Court of Appeals.**

2) **The Court of Appeals ruled, in order to jurisdictionally enhance a DWI to a felony, there is no requirement that the prior convictions be final.**

3) **Furthermore, even if required to be a final conviction, the Court of Appeals did not err in finding the prior conviction for Operating a Watercraft While Intoxicated to be a final conviction.**

**SUMMARY OF THE ARGUMENT**

Part I.

The Appellant has failed to challenge every reason or alternative holding made by the Court of Appeals.  The sole ground for review submitted by the Appellant to this Court is whether "the Court of Appeals erred in finding that the prior conviction for operating a watercraft while intoxicated was a final conviction."  The Court of Appeals, citing previous case law, held for the jurisdictional enhancement of a DWI under TEX. Penal Code §49.09(b), there is no requirement the alleged prior convictions be "final" convictions. Based on his sole ground for review, the Appellant has failed to adequately and/or properly challenge the holding in *Ex Parte Russell Boyd Rae*, 2017. *Id*.

Part II.

The plain language of TEX. Penal Code §49.09(b) does not require that the prior convictions used to enhance a current charge under TEX. Penal Code §49.04 be "final" convictions, only that they be prior "convictions".

Part III.

In response to Appellant's sole ground for review, even assuming a "final" conviction is required, under the applicable law at the time, TEX. REV. CIV. STAT. art. 6701/-1(h) (1991), that obligation is met.

## ARGUMENT AND AUTHORITIES

Part I.

The Appellant has failed to challenge every reason or alternative holding made by the Court of Appeals. *Gonzales v. State*, 864 S.W.2d 522,523-24 (Tex. Crim. App. 1993)

The sole ground for review submitted by the Appellant to this Court is whether "the Court of Appeals erred in finding that the prior conviction for Operating a Watercraft While Intoxicated a final conviction." However, the Court of Appeals held that, "the plain language of Section 49.09 merely required the State to prove that Rae was 'twice previously convicted for offenses related to operating a motor vehicle, aircraft, or watercraft while intoxicated,' and nothing more." *Ex Parte Russell Royd Rae*, 2017 Tex. App. LEXIS 5325 (Tex. App. – Texarkana, June 13, 2017) (citing *Gibson v. State*,

995 S.W.2d 693,694 (Tex. Crim. App. 1993). Appellant has failed to challenge or request review on the primary issue and holding by the Court of Appeals. Therefore, the Appellant's sole ground for review of whether or not his prior conviction for Operating a Watercraft While Intoxicated was a final conviction does not merit review by this court.

Part II.

The plain language of TEX. Penal Code §49.09(b) does not require that the prior convictions used to enhance a current charge under TEX. Penal Code §49.04 be "final convictions", only that they be prior "convictions".

At the trial level, Appellant was charged and convicted for DWI under the TEX. Penal Code §49.04, and enhanced jurisdictionally under the Tex. Penal Code §49.09.

TEX. Penal Code §49.09(b)(2) clearly states that:

"any offense under... §49.04... is a felony of the third degree if it is shown on the trial of the offense that the person has been *convicted* [emphasis added]: two times of any other offense relating to the operating of a motor vehicle while intoxicated, operating an air craft while intoxicated, operating a watercraft while intoxicated, or operating or assembling an amusement ride while intoxicated."

"Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App.1991)   In that same year, the Court held that when attempting to discern the collective legislative intent or purpose, the Court should necessarily focus its attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991)

The plain language of TEX. Penal Code §49.09(b) is clear and unambiguous. Had the legislature intended to require the State to prove "final" convictions in order to enhance a defendant jurisdictionally then obviously they could have included that exact language in the statute.   One must assume that the legislature, in construing §49.09, intentionally left out the requirement that convictions must be final in order to use them within the statute; therefore, requiring the State to only prove that an individual has been previously "convicted", not "finally" convicted.   To add the requirement of a "final" conviction would be in direct contradiction to the law stated in *Coit. Id.*

Other jurisdictional enhancement statutes follow the same guidelines as TEX. Penal Code §49.09(b). Specifically, TEX. Penal Code §31.03, allows prior "convictions" to be used for purposes of jurisdictionally enhancing theft charges. Also, TEX. Penal Code §21.01, dictates that convictions, not "final" convictions, can be used to jurisdictionally enhance assaultive offenses.

Furthermore, when construing and enacting TEX. Penal Code §49.09, and in defining "Offense of operating a watercraft while intoxicated" in §49.09 (c)(3)(C) the legislature specifically included the old statute §31.097 of the Parks and Wildlife Code, the statute under which Appellant had been previously convicted. The legislative intent to include that as a previous conviction capable of being used to enhance a current offense under Section 49.04 of the TEX. Penal Code is apparent.

In citing *Ex Parte Murchison,* Appellant contends that the prior boating while intoxicated case, Cause no. 6513, cannot be used to enhance his current offense to a third degree felony because Appellant successfully served out his probation for that conviction without ever being revoked. *Ex Parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). In *Murchison,* the Court of Criminal Appeals held that absent an order revoking probation, a conviction is not "final" and may not be used for enhancement

purposes. *Id.* Appellant contends that based on that holding, the operation of a moving vessel while intoxicated or "boating while intoxicated"- when probated and not revoked- does NOT operate as an enhancing offense.

However, the rule established in *Murchison* pertaining to the use, for enhancement, of probated prior convictions does not apply here. *Id.* The "enhancement" that the holding in *Murchison* refers to is an enhancement for punishment under TEX. Pen. Code 12.42 not jurisdictional enhancement under TEX. Penal Code §49.09. For example, the State may not use a non-revoked probated conviction to enhance the minimum or maximum punishment a defendant may receive for a particular charge during the punishment phase of trial. The prior convictions alleged by the State in the case at hand do not serve to enhance the punishment range on the DWI charge but rather enhance the DWI jurisdictionally to a third degree felony in District Court, therefore distinguishing itself from the rule established in *Murchison*.

The case on point is *Gibson v. State*, 995 S.W.2d 693,694 (Tex. Crim. App. 1993). In that opinion, this Court, with a full discussion of the law surrounding the issue, ruled that a jurisdictional enhancement under TEX. Penal Code §49.09 is different than a punishment enhancement under TEX.

Penal Code 12.42. Under TEX. Penal Code §49.09(b), there is no requirement that the prior convictions be "final" convictions.

Part III

In response to Appellant's sole ground for review, even assuming a "final" conviction is required, under the applicable law at the time, TEX. REV. CIV. STAT. art. 6701/-1(h) (1991), that obligation is met.

Appellant contends because his prior conviction was an offense set forth in former Texas Parks and Wildlife Code, it was not a final conviction. However, in footnote 4 the Court of Appeals addressed this contention in *Ex Parte Russell Boyd Rae*, 2017. *Id.* Stating, "'TEX. REV CIV. STAT. art 6701/-1(h) (1991),' which was the applicable statute at the time of Rae's 1993 conviction, stating, 'For the purposes of this article, a conviction for an offense that occurs on or After January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated'." Tex. App. LEXIS 5325 (Tex. App. – Texarkana, June 13, 2017). (Citing *Rizo v. State*, 963 S.W.2d 137, 139 (Tex. App. –Eastland 1997, no pet.).

In Appellant's brief, he cites the "application of law or the principle of *stare decisis*" based on a 2003 holding by this court in regards to the same

conviction previously used to enhance a DWI in Gregg Co., in Cause No. 74,840, *Ex parte Russell Boyd Rae* (*per curiam* decision, December 3, 2003) However, a simple review of that opinion will support the State's contention and reveal that any discussion regarding a requirement that a conviction be "final" is mere *dicta*.

That case, Cause No. 74,840, was an appeal over ineffective assistance of counsel. There was zero discussion as to the law governing the enhancement conviction, only an affirmation of the trial court's finding that it was ineffective for the Appellant's trial counsel not to investigate the prior conviction. An in depth analysis of the law governing jurisdictional enhancements and TEX. Penal Code §49.09(b)(2) at that time would have required a much greater discussion and a different holding with regard to the use of the prior conviction for enhancement purposes.

## CONCLUSION

The Appellant has failed to adequately request review of the primary issue decided by the Court of Appeals in *Rae,* 2017. *Id.* As stated in the opinion, the law does not require prior convictions used to enhance a DWI jurisdictionally under TEX. Penal Code §49.09 to be "final". The Appellant has only requested this court to review whether the Court of Appeals erred

in finding that the prior conviction for operating a watercraft while intoxicated was a final conviction, which was not the issue presented or ruled upon by the appellate Court

Additionally, the plain language found in TEX. Penal Code §49.09 and the case law surrounding the statute clearly illustrates that the State is not required to prove the prior convictions used to jurisdictionally enhance a DWI under that statute be "final" convictions.  The language is unambiguous on this issue.

The opinion issued by this Court in 2003 that involved the use of the same prior conviction is not on point.  The issue in that case was ineffective assistance of counsel.  Any discussion or finding in that opinion concerning the prior conviction was dicta and is not dispositive in the case at bar.  Therefore, the principle of *stare decisis* does not require application as alleged by Appellant.

# PRAYER

Wherefore, upon the issues presented, the State prays that the opinion of the Sixth Court of Appeals be in all things affirmed.

Respectfully submitted,

s/Ricky Shelton_____
Ricky Shelton
Assistant County Attorney
Marion County
102 West Austin, Room 201
Jefferson, TX 75657
(903) 665-2611
(903) 665-3348 Fax
SBOT 24098418
ricky.shelton@co.marion.tx.us

## CERTIFICATE OF SERVICE

I certify, by affixing my signature below, I have delivered a true and correct copy of this brief by certified United States mail, first class postage prepaid, and return receipt requested, on this the 8th day of November, 2017, to Stacy M. Soule, State Prosecuting Attorney, at P.O. Box 13046, Austin, TX 78711-3046 and also sent by electronic means, and also a true and correct copy was sent by first class mail to Hough-Lewis Dunn, P.O. Box 2226, Longview, TX 75606 and also sent by electronic means on the same date.

s/Ricky Shelton_____
Ricky Shelton

## CERTIFICATE OF COMPLIANCE

I certify that State's Brief filed on this the 8th day of November, 2017 complies with Tex. R. App. P. 9.  This brief contains 3229 words.

s/Ricky Shelton_____
Ricky Shelton