

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,970-01

### EX PARTE TANYA MARIE WARRELL MCMILLAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR14-150 IN THE 4TH DISTRICT COURT
### FROM RUSK COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and sentenced to forty years' imprisonment. The Sixth Court of Appeals affirmed her conviction. *McMillan v. State*, No. 06-16-00209-CR (Tex. App.—Texarkana Aug. 22, 2017) (not designated for publication).

Applicant contends, among other things, that her sentence is illegal and that her trial counsel rendered ineffective assistance. Her claims are based on her allegation that the prior conviction used as an enhancement in this case was an un-revoked, probated sentence from federal court.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Murchison*, 560 S.W.2d 654 (Tex. Crim. App. 1978); *Ex parte Pue*, 552 S.W.3d 226 (Tex. Crim. App. 2018). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing the prior enhancement conviction to which Applicant pleaded "true" in this case. The trial court shall make specific findings determining whether the prior conviction was probated, and if so, whether probation was ever revoked. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  October 24, 2018

Do not publish