

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00152-CR

---

ELLIOT VENTURA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7100; Honorable Stuart Messer, Presiding

---

August 29, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant Elliot Ventura of evading arrest in a motor vehicle.[1] At the punishment phase of trial, Appellant pled "true" to two prior felony convictions; the jury assessed punishment at 30 years of confinement in the penitentiary. On appeal, Appellant argues the record affirmatively shows that one of his prior convictions is not

---

[1] *See* TEX. PENAL CODE ANN. § 38.04.

final under Texas law because he had received probation which has not been revoked. Agreeing with Appellant, we reverse and remand the case for a new trial on punishment.

## Background

An indictment charged that on May 3, 2021, Appellant committed the offense of evading arrest or detention in a motor vehicle. Subsequently, in a notice to seek enhanced punishment, the State alleged Appellant had two prior final felony convictions in Wisconsin, what we will refer to as the "-404" case[2] and the "-050" case.[3] A jury convicted Appellant of the charged offense and found he used or exhibited a deadly weapon while committing the offense.

At punishment, the State introduced enhancement evidence of the Wisconsin convictions in the -404 and -050 cases. Appellant pleaded true to both enhancement offenses. The jury found both convictions true and assessed punishment at confinement in prison for a term of thirty years. Thereafter, Appellant brought this appeal.

## Analysis

In his sole issue, Appellant argues the prior conviction in the -050 case was a judgment for probation and thus not a "final conviction" under the enhancement statute.

---

[2] That is, Cause 2009CF000404: *Wisconsin v. Ventura*, in Circuit Court Branch #5 of Kenosha Co., Wis. Appellant was convicted for manufacture/delivery of cocaine of more than 5–15 grams, and sentenced to five years in the Wisconsin Department of Corrections. It appears Appellant was confined in prison for two-and-a-half years before he was released on parole for three-and-a-half years. This sentence was said to run "consecutive" to Cause 2009CF372, wherein Appellant was found guilty of battery/threat to a witness. The State did not seek to enhance based upon the 372 matter. Likewise, the State did not seek to enhance Appellant's sentence based upon his guilt in Cause 2013CM000646, for criminal trespass to a dwelling.

[3] That is, Cause 2012CF00050: *Wisconsin v. Ventura*, in Circuit Court Branch #6 of Kenosha Co., Wis. Appellant was convicted of possession of THC (2nd offense). Appellant was placed on probation "concurrent to" the -404 case.

This is relevant because under section 12.42(d) of the Texas Penal Code, the Appellant would be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years, if the evidence shows Appellant previously had been "finally convicted of two felony offenses," and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction. *See* TEX. PENAL CODE ANN. § 12.42(d).

Only convictions that are "final" can be used for enhancement purposes. *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). A probated sentence is not "final" for enhancement purposes unless the probation has been revoked. *Ex parte Pue,* 552 S.W.3d 226, 230 (Tex. Crim. App. 2018); *Ex parte Langley,* 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Ex Parte Murchison,* 560 S.W.2d at 656. We determine whether Appellant's conviction was "final" pursuant to Texas law, not the law of Wisconsin. *See Pue*, 552 S.W.3d at 233.

It is ordinarily the State's burden to prove Appellant's convictions are final. *Id.* at 231. This burden is satisfied when, as here, the Appellant pleads "true" to the enhancement paragraph. *Harrison v. State,* 950 S.W.2d 419, 421 (Tex. App.—Houston [1st Dist.] 1997, writ ref'd) (citing *Harvey v. State,* 611 S.W.2d 108, 111 (Tex. Crim. App. 1981)). This does not end our analysis, however. Despite a plea of true, an Appellant may challenge the finality of an offense used for enhancement if the record "affirmatively reflects" that such offense was not, in fact, final. *Mikel v. State*, 167 S.W.3d 556, 559–60 (Tex. App.—Houston [14th Dist.] 2005, no pet.). *See also Ex parte Rich,* 194 S.W.3d 508, 513 (Tex. Crim. App. 2006); *Sanders v. State,* 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.).

Appellant does not challenge consideration of his conviction in the -404 case for enhancement purposes. However, he contends the conviction in -050 is not final because he was put on probation, and it has not been revoked. State's Exhibit 11 includes a document from Wisconsin purporting to be a "Judgment of Conviction." It indicates Appellant received probation in the -050 case. A "comments" section states the probation is "concurrent to" the -404 case.

In 2013, a "Revocation Order and Warrant" was signed by the Wisconsin Department of Corrections "secretary's designee." It indicates Appellant's probation was revoked for the -404 case. The State reasons Appellant's probation in the -050 case must have been revoked, as well, given the earlier order's reference to the two sentences being concurrent. But that is not what the record states.

The revocation order only references the -404 case, not -050. A box is checked beside the order's language, "Not all Cases Revoked." The order also makes no mention of a jail time credit for the -050 case, which would have been required under Wisconsin law. *See State v. Lovell,* 2018 WI App 8, 379 Wis. 2d 766, 909 N.W.2d 209, 2017 Wisc. App. LEXIS 1048, at *11 (citing WIS. STAT. § 973.155(2) (sentence credit determination must be included in the revocation order)).

The State relies on the Second Court of Appeals' decision in *Lugo v. State* for its argument that Appellant fails to show the record "affirmatively reflects" the offense in the -050 case was not final. 299 S.W.3d 445 (Tex. App.—Fort Worth 2009, pet. ref'd). We find *Lugo* distinguishable by its facts. In that case, after pleading true, Lugo argued on appeal his conviction for DWI was not a felony. Rejecting his argument, the court of

4

appeals relied in part on Lugo's "pen packet," which described the DWI offense as "driving while intoxicated and felony repetition," along with the range of punishment being consistent with a felony. *Lugo*, 299 S.W.3d at 455–56. In this case, the record shows without dispute that Appellant received probation in the -050 case. Moreover, despite revocation of probation in -404, the revocation order's omission of -050 and statement that "Not all Cases Revoked" affirmatively shows Appellant's probation in -050 had not been revoked. Based on the record before us, Appellant's conviction in the cause number -050 was not final for enhancement purposes and could not, therefore, be used for that purpose. We sustain Appellant's issue.

## Conclusion

We affirm Appellant's conviction, but reverse that portion of the judgment assessing punishment and remand for a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

Lawrence M. Doss
Justice

Do not publish.

5